**FILED**
APR 2 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWN SINGLETON, PLAINTIFF #44506-054
FMC - Devens
PO Box 879, Ayer, MA 01432
VS.

CIVIL ACTION
DOCKET NUMBER

CITY OF WASHINGTON, DISTRICT OF COLUMBIA
FRED FIGUEROA
JACQUELYN BANKS
DENISE KING
ANTHONY WILLIAMS

CASE NUMBER 1:06CV00741
JUDGE: Gladys Kessler
DECK TYPE: Pro se General Civil
DATE STAMP: 04/24/2006

**RECEIVED**
APR - 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMPLAINT

PARTIES

1. SHAWN SINGLETON, PLAINTIFF IS PRESENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS, BUT AT ALL TIMES RELEVENT TO THIS ACTION WAS HELD AT THE CORRECTIONAL TREATMENT FACILITY, LOCATED AT 1901 E STREET, S.E., WASHINGTON, D.C. 20003.

2. DEFENDANT FRED FIGUEROA, WAS/IS THE WARDEN OF THE CORRECTIONAL TREATMENT FACILITY. AT ALL TIMES RELEVENT TO THIS ACTION, MR FIGUEROA WAS RESPONSIBLE FOR THE OVERALL OPERATION AND MANAGEMENT OF THE FACILITY. AND TO ENSURE THAT ALL INSTITUTIONAL POLICIES AND PROCEDURES WERE ADHERED TO.

1

3. Defendant Jacquelyn Banks, was/is the Assistant Warden of Operations at the Correctional Treatment Facility. At all relevent times to this action, Ms Banks in her official capacity was the second in command of the facility with the responsible of ensuring all policies and procedures are implimented and enforced.

4. Defendant Denise King, was/is the Assistant Warden of Programs, at the Correctional Treatment Facility. At all times relevent to this action, Ms King in her official capacity with the responsible of ensuring all program policies and procedures are implimented and enforce. Also, schedule adequate training of staff members in same.

5. Defendant Anthony Williams was the Mayor of the City of Washington, in the District of Columbia.

6. Defendant City of Washington, DC was at all times relevent to this action, a municipal corporation within the United States.

## Jurisdiction

7. This court has jurisdiction over this matter pursuant to 28 USC 1332.

8. This action is brought pursuant to 42 USC 1983, to resolve the deprivating of rights guaranteed by the Eight Amendment to the United States Constitution.

9. Claims for injunctive relief are authorized by 28 USC sections 2283 and 2284 and also Rule 65 of the Federal Rules of

Civil Procedures.

# FACTS

10. On or about May 30, 2005, while the Plaintiff Mr. Shawn Singleton was being held at the Correctional Treatment Center in Washington, DC, the Air Conditioning/Ventilation System malfunctioned.

11. At the time the Plaintiff was being housed in Medical Unit-96. Hencefore referred to as "M-96".

12. Mr Singleton was confined to a housing unit that only had artifical sources for cooling and ventilation, which was not in a working condition. (The windows in the facility are made not to open.)

13. The Plaintiff was prohibited from blocking the windows with newspapers and other similiar material in an attempt to ease some of the heat, because "it presented itself as a security problem".

14. On or about June 13, 2005 due to continual problems with the air conditioning system a memo was issued permitting inmates to wear T-shirts while in the common areas of the housing unit (M-96), but not outside of units. This memo was posted because of the extreme heat.

15. On or about June 17, 2005, Mr Singleton and others in the

HOUSING UNIT (M-96) WERE ALLOWED TO LEAVE THEIR CELL DOORS OPEN IN AN ATTEMPT TO EASE THE PROBLEM OF THE HEAT.

16. ON JULY 23, 2005, WHILE STILL DEALING WITH THE PROBLEM OF NO AIR CONDITIONING AND INADEQUATE VENTILATION IN THE EXTREME HEAT, THE FACILITY LOST POWER AT THE START OF THE DAY, LEAVING MR. SINGLETON AND OTHERS WITHOUT LIGHTS, COLD WATER (FROM WATER FOUNTAINS) AND OF COURSE NO AIR CONDITIONING.

17. ON JULY 23, 2005, MR. SINGLETON AND OTHERS ON THE M-96 UNIT WERE INSTRUCTED TO RETURN TO THEIR CELLS AND THE DOORS WERE TO BE LOCKED. THIS ORDER WAS GIVEN AT APPROXIMATELY 3:00 PM AND REMAINED IN EFFECT UNTIL AFTER 6:00 PM.

18. DURING THE PERIOD BETWEEN 3:00 PM - 6:00 PM, MEDICAL PERSONNEL HAD TO RESPOND TO THE M-96 UNIT BECAUSE OF CONDITIONS BROUGHT ON BY THE EXTREME HEAT. MR. SINGLETON AND OTHERS SUFFERED FROM DEHYDRATION.

19. WHEN MEDICAL PERSONNEL RESPONDED TO AN EMERGENCY CALL WITHIN THE M-96 UNIT, THEY WERE ACCOMPANIED BY CAPTAIN HOLLAND AND SEVERAL OTHER CORRECTIONAL OFFICERS. CAPTAIN HOLLAND WAS ASKED WHY MR. SINGLETON AND OTHERS WERE BEING ORDERED TO REMAIN IN THEIR CELLS AND BEING SUBJECTED TO SUCH EXTREME AND HARSH TREATMENT/CONDITIONS BECAUSE OF THE HEAT. HER RESPONSE TO THIS INQUIRY WAS "THAT SHE DID NOT GIVE AN ORDER FOR US TO BE LOCKED IN AND SHE DID NOT KNOW WHO HAD ORDERED IT."

20. As a result of the conversation with Captain Holland, she ordered the cell doors opened and left instruction that they were to remain open.

21. At approximately 5:00am on July 24, 2005, power was restored to the M-96 unit. There was still no air conditioning available.

22. Even though power was restored on July 24, 2005, Mr. Singleton was subject to conditions that clearly fall within the realm of cruel and unusual because air conditioning was not available until the end of August 2005.

## RELIEF

23. The Plaintiff, Mr Singleton, asks that this Honorable Court hold the Defendant(s) liable for violating the Plaintiffs rights under the Eighth Amendment to the United States Constitution.

24. The Plaintiff respectfully requests this Honorable Court enter a Judgment against the Defendant(s) in this matter for punitive damages in the amount of $25,000.

25. The Plaintiff respectfully requests this Honorable Court enter a Judgment against the Defendant(s) in this matter as compensation for pain and suffering in the amount of $25,000, for not providing an environment condusive to the Plaintiff maintaining a positive mental and/or

EMOTIONAL OUTLOOK.

26. WHEREFORE, THE PLAINTIFF DEMANDS JUDGMENT AGAINST THE DEFENDANTS FOR DAMAGES AND SUCH OTHER RELIEFS AS THE COURT DEEMS JUST, AND FAIR.

SIGNED THIS THE 28 DAY OF JANUARY, 2006

x *Shawn Singleton*
SHAWN SINGLETON
# ~~~~~~ 44506-054
FMC - DEVENS
P.O. BOX 879
AYER, MA 01432