## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Shawn Singleton, #44506-054, | |
| Plaintiff, | Civil Action No. 06-00741 (GK) |
| v. | |
| City of Washington, District of Columbia, Fred Figueroa, Jacquelyn Banks, Denise King and Anthony Williams, | |
| Defendants. | |

## MOTION TO DISMISS OF DEFENDANTS
## ANTHONY WILLIAMS AND THE DISTRICT OF COLUMBIA

Defendants Anthony Williams and the District of Columbia, by counsel, file this Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b) because: (1) Plaintiff has failed to exhaust the administrative remedies available to him pursuant to 42 U.S.C. § 1997(e); and (2) Plaintiff has failed to state a claim upon which relief can be granted. This motion is supported by the following Statement of Points and Authorities and the pleadings on file with the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

Plaintiff is currently in the custody of the Federal Bureau of Prisons. In 2005, Plaintiff was detained at Correctional Treatment Facility ("CTF"). CTF is a facility owned and operated by Corrections Corporation of America ("CCA"). Pursuant to a contract between CCA and the District of Columbia, Plaintiff was housed at CTF.

Plaintiff's lawsuit alleges that while detained at CTF the air conditioning units worked only sporadically for a period of approximately two months. Plaintiff requests $25,000 in punitive damages and $25,000 in "compensation for pain and suffering...for not providing an environment condusive (sic) to the Plaintiff maintaining a positive mental and/or emotional outlook."[1]

## II.    LEGAL ARGUMENT

### A.    Plaintiff Has Failed to Exhaust the Administrative Remedies Available to Him As Required by 42 U.S.C. § 1997(e).

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies before bringing a lawsuit. Under 42 U.S.C. § 1997e (a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes important interests: "(1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact."[2] The United States Supreme Court recently clarified that even inmates seeking only monetary relief must complete a prison administrative process that could provide some sort of relief, even if not monetary, before filing a § 1983 claim.[3] In *Booth*, the court found that the inmate did not exhaust all available administrative remedies and dismissed his claims.

---

[1] *See* Plaintiff's Complaint, p. 5.

[2] *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991).

[3] *Booth v. Churner*, 532 U.S. 731 (2001).

As outlined, an inmate is required to exhaust all administrative remedies before filing civil litigation.[4]  The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[5]  In addition, a prisoner must exhaust all of his administrative remedies, not just some.[6]

In this case, Plaintiff received a copy of the CTF grievance policy and procedures upon his arrival to the facility.  These procedures state that in order for an inmate to exhaust his administrative remedies, he must follow the facility grievance procedures and carry the grievance through to its finish.  The CTF grievance policy is as follows: (1) inmates send grievances to the facility's Unit Manager (or Grievance Officer); (2) if the inmate finds the Grievance Officer's response unsatisfactory, he can appeal to the Warden; (3) if the inmate disagrees with the Warden's response, he can appeal to the Contract Manager;[7] and (4) finally, the inmate can appeal the Contract Manager's determination directly to the District of Columbia Department of Corrections ("DOC").[8]  An inmate who does not proceed through all four levels has not exhausted his administrative remedies.

---

[4] *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *Barnard v. District of Columbia,* 223 F. Supp. 2d 211, 212-13 (D.D.C. 2002) ("[A] prisoner may file a civil action relating to conditions of confinement under federal law only after he has exhausted the prison's administrative remedies.")

[5] The purpose of the grievance procedures is to give prison officials an opportunity to resolve the problem, thus relieving the courts of unnecessary litigation, and creating a factual record to facilitate any eventual judicial action." *Jeanes v. United States Dep't of Justice,* 231 F. Supp.2d 48, 50-51 (D.D.C. 2002) (internal citations omitted).

[6] *See, e.g. Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (dismissing § 1983 claim because the inmate did not appeal the denial of the grievance, thus failing to give the state a full chance to hear the grievance); *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997) (finding inmate failed to exhaust when the inmate filed a grievance but "did not appeal the denial of that complaint to the highest possible administrative level"); *Saunders v. Goord*, No. 98 Civ. 8501 (JGK), 2002 WL 1751341, at *3 (S.D.N.Y. 2002) ("Even if the plaintiff did not receive responses directed toward some grievances, the plaintiff was required, at minimum, to make reasonable attempts to appeal those grievances before bringing an action in federal court.")

[7] The Contract Manager is the municipal officer tasked with overseeing the contractual relationship between the District of Columbia and CCA.  *See also,* the Affidavit of Joyce Allen, attached as Exhibit 1.

[8] *See* CCA Corporate and Facility Policy 14-5, as attached to Joyce Allen's Affidavit.

In this case, Plaintiff did not file any grievances regarding the claims he now asserts in this civil suit. Accordingly, Plaintiff has failed to exhaust the administrative remedies available to him. This violation of the PLRA requires dismissal of Plaintiff's Complaint. As a result, Defendants Anthony Williams and the District of Columbia respectfully request that their Motion to Dismiss be granted.

### B.    Plaintiff's Complaint Contains a "Pleading Defect" and Must Be Dismissed.

The failure to exhaust administrative remedies raises a "jurisdictional challenge" under the PLRA. In this regard, the Court recently held:

> Defendant further posits that even if the regulation had been implemented against plaintiff, [the inmate] has not exhausted his administrative remedies, as he is required to do, prior to initiating this lawsuit. Because these challenges, like any jurisdictional challenge, "imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority," *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp.2d 9, 13 (D.D.C. 2001), the "plaintiffs' factual allegations in the complaint...will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Id.* at 13-14 (citations omitted).[9]

The *Al-Owhali* decision is consistent with the D.C. Circuit's jurisprudence, which treats the failure to allege exhaustion as a pleading defect.[10] This Circuit's treatment of the exhaustion issue comports with the PLRA's unequivocal language, which states that "[n]o action shall be brought...until such administrative remedies as are available are exhausted."[11] Because the PLRA's exhaustion requirement is jurisdictional, Defendants may raise this issue at any point or

---

[9]  *Al-Owhali v. Ashcroft,* 279 F. Supp.2d 13, 21 (D.D.C. 2003) (emphasis added).

[10] *Eldridge v. District of Columbia*, No. 02-7059, 2002 WL 31898173, at *1 (D.C. Cir. Dec. 23, 2002) (citations omitted) ("Appellant has neither alleged nor shown that he exhausted the administrative remedies available under the District of Columbia's Inmate Grievance Procedure before bringing this action. Thus, the district court correctly dismissed without prejudice his federal claims."), <u>cert. dismissed</u>, 539 U.S. 913 (2003*); Johnson v. District of Columbia Dep't of Corr. Transp. Unit*, No. 01-7204, 2002 WL 1349532, *1 (D.C. Cir. June 20, 2002) ("The district court properly dismissed the case without prejudice for failure to exhaust administrative remedies because the complaint stated appellant had not filed an inmate grievance.").

[11] 42 U.S.C. § 1997(e) (emphasis added).

the Court may consider it sua sponte.  Other circuits concur with this analysis.[12]

There are other courts that take a different approach, by dismissing a case on the pleadings pursuant to an "unenumerated 12(b) motion."[13]  Although courts adopting an "unenumerated 12(b) motion" approach do not view the PLRA's exhaustion requirement as jurisdictional, they still recognize that the "statute gives prisons and their officials a valuable entitlement – the right not to face a decision on the merits – which courts must respect if a defendant chooses to invoke it."[14]  For this reason, even if exhaustion were not jurisdictional, it is appropriate to resolve the issue at this stage.[15]

Because Plaintiff failed to provide the Court with any evidence that he complied with the PLRA exhaustion requirements, there is a pleading defect that mandates dismissal of Plaintiff's

---

[12] *See, e.g. Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003) ("The next question concerns the procedural characterization of exhaustion: is it an essential allegation of a prisoner's claim or is it a defendant's affirmative defense? ... [W]e believe that a prisoner must plead exhaustion in his complaint."), *pet. for cert. filed* (April 26, 2004) (No. 03-10625); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("[A] prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome."); *Brown v. Toombs*, 139 F.3d 1102, 1004 (6th Cir. 1998) ("District courts should enforce the exhaustion requirement *sua sponte* if not raised by the defendant"); *Brock v. Ortiz,* No. 04-1172, 2004 U.S. App. LEXIS 18315, at *6 (10th Cir. 2004) ("Even reading Mr. Brock's complaint liberally, it is clear that Mr. Brock has not exhausted available administrative remedies. Mr. Brock has the burden of showing he has indeed exhausted administrative remedies. To satisfy this burden, Mr. Brock must attach copies of the administrative proceedings or describe their disposition specifically in his amended complaint.") (internal citations and footnote omitted).

[13] *See e.g., Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) ("[T]he failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment."); *Janis v. Ashcroft,* No. 02-55894, 2004 U.S. App. LEXIS 6561, at *6 (9th Cir. 2004) ("The appropriate procedure for raising the failure to exhaust defense under 42 U.S.C. § 1997e(a), therefore is by a Rule 12(b) motion to dismiss.") (citation omitted).

[14] *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) (emphasis in original).

[15] Even the minority of courts that generally *do not* permit defendants to raise exhaustion before summary judgment still permit defendants to raise the matter on a motion to dismiss when, as here, the complaint and attachments indicate that the plaintiff did not exhaust.  *See e.g., Brown v. Croak*, 312 F.3d 109, 111 n.1 (3d Cir. 2002) (rejecting argument that it would "always be improper to dismiss for failure to exhaust remedies at the pleadings stage."); *Ray v. Kertes*, 285 F.3d 287, 295 n.8 (3d Cir. 2002) ("We do not suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases."); *McCoy v. Goord,* 255 F.Supp.2d 233, 251 (S.D.N.Y. 2003) (If non exhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted).

Complaint. Accordingly, Defendants Anthony Williams and the District of Columbia respectfully requests their Motion to Dismiss be granted.

      **C.**    **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Rule 12(b)(6) allows the Court to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity."[16] Rule 12(b)(6) is designed to "screen out cases" where no remedy exists for the wrong alleged or where no relief could possibly be granted."[17]

In this case, assuming the allegations in Plaintiff's complaint are true, and viewing them in the light most favorable to the Plaintiff, he has failed to state a claim upon which relief can be granted. Plaintiff has asserted that CCA failed to provide him an environment conducive to his mental and emotional well being. That is not a recognizable claim under the constitution or legal right statutes.[18] Further, the claims made in Plaintiff's Complaint are not directed toward either Mayor Williams or the DC Department of Corrections. Accordingly, Plaintiff has failed to allege any facts supporting liability on the part of these Defendants.

Thus, authorizing Plaintiff's factually and legally unsupported claim would be a waste of judicial time and resources. Accordingly, Plaintiff's Complaint must be dismissed in its entirety and with prejudice.

**III.**    **CONCLUSION**

Based on the foregoing, Defendants Anthony Williams and the District of Columbia respectfully request their Motion to Dismiss be granted.

---

[16] *See Port Auth. of N.Y. & N.J. v. Arcadian Corp.*, 189 F.3d. 305 (3rd Cir. 1991).

[17] *See generally Smile Care Dental Group v. Delta Dental Plan of Cal. Inc.,* 88 F.3d. 780, 783 (9th Cir. 1996).

[18] *Gubbons v. Hurson*, 885 A.2d 263 (D.C. 2005); *Derzavis v. Bepko,* 766 A2d 514, 519 (D.C. 2000).

Dated: June 12, 2006            By:  /s/ Megan S. Ben'Ary
                                     Daniel P. Struck (Bar No. C0037)
                                     Jennifer L. Holsman (Bar No. 495296)
                                     JONES, SKELTON & HOCHULI, P.L.C.
                                     2901 North Central Avenue, Suite 800
                                     Phoenix, Arizona  85012
                                     Telephone:   (602) 263-1700
                                     Facsimile:    (602) 263-1784

                                     Kelvin L. Newsome (Bar No. 439206)
                                     Megan S. Ben'Ary (Bar No.439415)
                                     LeClair Ryan, A Professional Corporation
                                     225 Reinekers Lane, Suite 700
                                     Alexandria, Virginia 22314
                                     Telephone: (703) 647-5933
                                     Facsimile: (703) 647-5983

                                     *Counsel for Defendants Anthony Williams and
                                     District of Columbia*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2006, a true and accurate copy of the foregoing was mailed, first-class postage prepaid, to:

          Shawn Singleton,
          Inmate No. 44506-054
          FMC – Devens
          P.O. Box 879
          Ayer, MA 01432
          *Plaintiff Pro Se*


                          /s/ Megan S. Ben'Ary
                          Megan S. Ben'Ary