IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Shawn Singleton,
**Plaintiff,**

Vs.

Civil Action No: 06 00741 (G K)

City of Washington,
District of Columbia,
Fred Figueroa,
Jacquelyn Banks,
Denise King, and
Anthony Williams
**Defendants**

RECEIVED

JUL 1 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFFS PRO SE RESPONSE IN OPOSSITION OF DEFENDANTS MOTION TO DISMISS

Now comes Shawn singleton proceeding Pro Se in the above styled action and numbered cause, to be referred herein after as "Plaintiff" respectfully moving this most Honorable Court with his response and opposition to the defendants' motion to dismiss filed on or about June 12, 2006.[1] In support of this response and opposition plaintiff hereby avers as follows:

1) The defendants concede that plaintiff was detained at the Correctional Treatment Facility ("CTF"), owned and operated

---

[1] Respectfully, this motion to dismiss was filed on behalf of defendants Anthony Williams and the District of Columbia. No responsive pleadings have been filed or received by Mr. Singleton in regards to any other named defendants.

my Corrections Corporation of America ("CCA"). That it was pursuant to a contact between CCA and the District of Columbia, that plaintiff was housed at CTF; [Defendants motion to dismiss at 1]

2)   Defendants do not contest the fact and plaintiff's claim that the air conditioning units in this controlled CTF facility worked sporadically or not at all for a period of two months, subjecting him and other inmates to conditions that amount to a viable claim of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

3)   From the inception of this civil action and to date, Plaintiff has been litigating in the Pro Se forum,[2] originally as part of a class action filed under the caption Mr. Jamal Aki #234-427, Et. Al, v. City of Washington, District of Columbia Et. Al, Civil Action No. 05-CU-01625. This action was also filed in the United States Court for the District of Columbia, on or about August 12, 2005 with a demand for jury trial. There

---

[2] See Boag v. MacDougall, 454 U.S. 364, 70 L.Ed 2d 351, 102 S.Ct. 700 (1982); and Haines v. Kerner, 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct. 594 (1972), Pro Se litigants pleadings are to be construed liberally and held to less stringent standard than formal pleadings dratted by lawyers, if court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigants unfamiliarity with pleading requirements.

were twenty-four (24) named Plaintiffs in this class action, for which this plaintiff was the eleventh name listed.

4)   The Administrative Remedy Process was initiated by lead Plaintiff Jamal Aki[3] prior to filing the class action in this court. The response to the Administrative Remedy request as to the conditions of the medical unit the Plaintiffs were housed in was that "an outside contractor was responsible for the maintenance of the air conditioning and as such, the issue could not be administratively resolved.

5)   Subsequently, this Honorable Court without prejudice dismissed the Class Action Lawsuit, because the lead plaintiff in the action failed to pay the required filing fee to further prosecute the Civil Action.

6)   Promptly after being notified that the Class Action had been dismissed without prejudice, because of the need to adhere to payment of the filing fee, Plaintiff Shawn Singleton filed another follow up complaint, independent of the class

---

[3] Where there is no personal right to a jail house lawyer, a prison must allow prisoners to assist one another unless there is available to prisoners a reasonable alternative means of legal assistance. Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed 2d 935, 94 S.Ct. 2963 (1974); and Johnson v. Avery, 393 U.S. 483, 21 L.Ed 2d 718, 89 S.Ct. 747 (1969).

action, based on his desire to pursue his part of the claim.[4] On or about February 2006, plaintiff filed his civil action complaint captioned as <u>Shawn Singleton v. City of Washington, District of Columbia Et, Al.</u>, which was docketed as 06-0711. The court issued an order on April 19, 2006, directing the method of payment for the statutory filling fee of $350.00, in accordance with 28 U.S.C. § 1915(b)(1)(A) and (B), additionally granting Plaintiff's application to proceed in forma pauperis. On or about April 24, 2006, Plaintiff received a correspondence from Ms. Nancy Mayer-Whittington, clerk of the court for the District of Columbia, informing him that the Honorable Judge Walton had endorsed the April 19, 2006, order and notifying plaintiff that his case was assigned to Honorable Judge Kessler.

7)  This action comes as an objection the defendants' motion to dismiss, in which the defendants seek dismissal alleging that "Plaintiff has failed to exhaust the Administrative Remedies available to him as required by 42 U.S.C. § 1997(c)."

**LEGAL ARGUMENT**

   1) Plaintiff's argument and demand for a jury trial is properly before this court pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 1331.

---

[4] See <u>Allen v. Wright</u>, 468 U.S. 737, 83 L.Ed 2d 556, 104 S.Ct. 3315 (1984), "Standing" is granted if "The person seeking redress has suffered, or is threatened with some 'distinct and palpable injury' the 'personal stake requirement is satisfied... and, if there is some casual connection between the asserted injury and the conduct being challenged.'"

Plaintiff argues that his complaint seeks monetary relief, for which he is not required to exhaust Administrative Remedies. See McCarthy v. Madigan, 503 U.S.____, 117 L.Ed 2d 291, 112 S.Ct.____ (1992), Federal Prisoners are not required to exhaust the Federal Bureau of Prison ("FBOP") internal grievance procedure before initiating a Biven's Action solely for money damages. Although plaintiff was originally held in the custody of the defendants named herein, he was subsequently transferred to the custody and care of the FBOP before any Administrative Remedy Procedure could reasonably be completed.[5]

The original Class Action complaint (Jamal) Aki, No. 05-1625, demonstrates on page 3, paragraph 13 that the "Plaintiffs used the prisoner Grievance Procedure in the facility to try to solve the problem. Only for the Grievance Coordinator (Ms. Allen) to announce to everyone up here (M-96); <u>the heating issue is not a grievance issue, it is a issue of nature and a mechanical problem.</u>" Paragraph 14 goes on to state: "We (plaintiffs) then asked for fans? (sic) and we were told by Grievance Coordinator (Ms. Allen) again 'we don't have enough

---

[5] See Deltona Corp. v. Alexander, 682 F.2d 888 (11th Cir. 1982), "courts will not require exhaustion when administrative remedy is inadequate, does not exist, would not provide relief commensurate with claim, be so unreasonably delayed as to create serious risk of irreparable injury, when the claim would be denied because it would be clearly denied, or when the administrative action will not resolve the merits."

fans to provide the entire facility with, so we can't give any away.'" Paragraph 15 "We (plaintiffs) appealed our initial grievance on June 10, 2005, but have not heard of any type of replies to any of them." Paragraph 16 "we (plaintiffs) have also written to the administrative heads (Figueroa, King, Banks), all to no avail, because no replies were given in the very least."

Plaintiff had a reasonable expectation after being told verbally by Ms. Allen the Grievance Coordinator that it was not a grievance issue, couple with getting no reply from other persons named as defendants herein that the Administrative Remedy was invalidated or futile.

The Supreme Court has also held in <u>Patsey v. Board of Regents</u>, 457 U.S. 496, 73 L.Ed 2d 172, 103 S.Ct. 2557 (1982), "an individual is not required to exhaust administrative remedies prior to instituting an action under § 1983." It is compelling to note, that the damage complained of has already taken place, for this reason supported by the binding precedent of the Supreme Court stating that exhaustion is not necessary in this cause of action plaintiff respectfully prays that the defendants motion be denied.

    2) There is no "Pleading Defect" in Plaintiff's action that would warrant dismissal.

Plaintiff has made a claim that he was compelled to endure conditions that amount to and Eighth Amendment violation of cruel and unusual punishment, when said defendants were aware of, but did not correct the fact that he and other inmates being housed in the prison's medical unit were left in inhumane conditions.

Plaintiff has asserted events and actions that are consistent with <u>Wilson v. Seites</u>, 501 U.S.____, 115 L.Ed 2d 271, 111 S.Ct.____ (1991), in that "Deliberate Indifference" standard is applicable to a prisoner's claim that conditions of confinement constituted cruel and unusual punishment in violation of Eighth Amendment.  Specifically, it has been asserted that the defendants were aware that the plaintiff was confined to a medical unit because of the necessity of having his medical health monitored.  During such time that plaintiff was in the medical unit that has no windows that can be opened or closed, and only has forced air, that it was the middle of the summer and the air conditioning system has shut down from May 30, 2005 until on or about July 24, 2005, while plaintiff was housed in M-96 unit of CTF, there was no air conditioning. In fact, as reflected in the Class Action, plaintiff was forced by the defendants to wear full prison clothing in the unit and was prohibited from covering the windows, in an attempt to keep the heat from the sun out of the cells. On June 13, 2005 (14 days or

2 weeks later), plaintiff was allowed to wear a regular T-Shirt in the housing unit that was stated on an institution memo because of the "heat." On June 17, 2005, plaintiff and other inmates were granted permission to leave cell doors open for circulation because of the intense heat (memo). On July 23, 2005, the power went out leaving no lights or cold water (from water fountain or shower) and no air condition; inmates could not use necessary breathing machines. On July 23, 2005, plaintiff was forced to remain in licked cell for 3 hours (3:00pm - 6:00pm) with no forced air or air conditioning. On two occasions, emergency medical incidents happened because of heat in the locked cells. At 5:00am on July 24, 2005, the power came back on but still no A/C. As of the date of the filing of the Class Action, there was still no A/C and exhaustion was fruitless because the defendants stated it was a mechanical failure and it was not a grievance issue.

8) For further support that plaintiff's claim should proceed we look at Fallen v. U.S., 778 U.S. 139, 12 L.Ed 2d 760, 84 S.Ct. 1689 (1964), because the plaintiff did all that could be reasonably expected, the motion to dismiss was denied. Memphis Community School dist. v. Stachura, 477 U.S. 299, 91 L.Ed 249, 106 S.Ct. 2537 (1986), defendants delayed getting emergency A/C service or accommodating plaintiffs in such a manner (providing fans, cold water or moving to another

facility) that could remove the effect of the cruel and unusual punishment. Court must accept allegations in pleadings as true Cooper v. Pate, 378 U.S. 546, 12 L.Ed 2d 1030, 84 S.Ct. 1733 (1964), Adickes v. Kress & Co., 398 U.S. 144. 26 L.Ed 2d 142, 90 S.Ct. 1598 (1970), on motion for summary judgment, court is required to resolve all ambiguities and draws all factual inferences in favor of party against whom summary judgment is sough.

9)   The Supreme Court has also demonstrated that a prisoner can maintain as sue under the Constitution Eighth Amendment even when the force used against him does not result in a serious injury. Hudson v. McMillian, 503 U.S.____, 117 L.Ed 2d 156, 112 S.Ct.____ (1992).

CONCLUSION

During the time in which plaintiff and others in the medical unit of CTF contracted by defendant District of Columbia (Plaintiffs named in this and previous Class Action referred above), the Administrative Remedy process was sought through the Administrative Remedy Coordinator. Upon being told verbally and in the presence of similarly situated inmates,[6] by Ms. Allen the Administrative Remedy Coordinator that it was not a grievance

---

[6] Mr. Singleton was in the pre-trial setting, and as such, had a more compelling expectation to be free from conditions that amount to an Eighth Amendment claim against cruel and unusual punishment.

issue, plaintiff had a reasonable expectation to proceed to the next level,[7] or to the courts to find resolve of his compelling claim and concern.

For the reasons asserted above, plaintiff respectfully prays that this most Honorable Court move to deny the defendants' motion to dismiss, to avoid a complete miscarriage of justice.

Respectfully presented,

*Shawn Singleton*,
Reg. No. 44506-054
FMC Devens, Box 879
Ayer, MA.  01432

---

[7] Letters were written to defendant Anthony Williams, the mayor of the District of Columbia, to no avail.

## CERTIFICATE OF SERVICE

I, <u>Shawn Singleton</u>, do hereby affirm and attest that on July 9, 2006, a copy of the Plaintiff response to the defendant's motion to dismiss was caused to be mailed First Class pre-paid mail through the prison, mail system, to Jennifer L. Holsman, Esq. at 2901 North Central Avenue, Suite 800, Phoenix, AZ 85012, appearing counsel for the named defendants. Signed pursuant to 28 U.S.C. § 1746.

Shawn Singleton,
Reg. No. 44506-054
FMC Devens, Box 879
Ayer, MA.  01432