IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Shawn Singleton, #44506-054, <br><br> Plaintiff, <br><br> v. <br><br> City of Washington, District of Columbia, Fred Figueroa, Jacquelyn Banks, Denise King and Anthony Williams, <br><br> Defendants. | Civil Action No. 06-00741 (GK) |

**REPLY OF DEFENDANTS ANTHONY WILLIAMS AND
THE DISTRICT OF COLUMBIA IN SUPPORT OF MOTION TO DISMISS**

Defendants Anthony Williams and the District of Columbia, by counsel, hereby file this Reply in Support of their Motion to Dismiss. Defendants' Motion sets forth one simple issue: whether the Plaintiff exhausted the administrative remedies available to him before filing the subject lawsuit. Based on the evidence and as made clear by Plaintiff's Opposition to Defendants' Motion, the answer is no. In fact, Plaintiff has failed to set forth any evidence that he exhausted the administrative remedies available to him pursuant to 42 U.S.C. § 1997(e). Accordingly, Plaintiff's Complaint must be dismissed.

Defendants' Motion is supported by the following Statement of Points and Authorities and the pleadings on file with the Court.

I.  **STATEMENT OF POINTS AND AUTHORITIES**

　　A.　**Plaintiff Has Conceded the Arguments Raised in Defendants' Motion.**

Local Rule 7(b) provides that "an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the

prescribed time, the Court may treat the motion as conceded."

Defendants' Motion to Dismiss should be granted because Plaintiff has failed to timely file an Opposition,[1] and further because Plaintiff has failed to refute the arguments raised by Defendants herein. Defendants assert that Plaintiff has failed to exhaust the administrative remedies available to him, a mandatory requirement under the Prison Litigation Reform Act, before filing a lawsuit pursuant to the PLRA. In response, Plaintiff has failed to provide evidence that he did in fact exhaust the administrative remedies available to him, and has conceded that he failed to follow the CTF grievance policy with respect to the claims alleged in the Complaint.

Accordingly, this Court should treat Plaintiff's concession that he did not exhaust the administrative remedies available to him as consent to granting Defendant's Motion to Dismiss Plaintiff's claims.

### B.  Plaintiff Was Aware of the Grievance Procedure.

Plaintiff concedes in his Opposition that he was aware of the grievance procedure, however, a thorough search of Plaintiff's grievance records shows that Plaintiff never filed or appealed any grievances regarding the allegations contained in the Complaint.[2] Indeed, Plaintiff has never provided any evidence to the contrary. Based on a clear reading of Plaintiff's Opposition, he has admittedly failed to comply with the CTF grievance policy for any of the claims outlined in his Complaint. As a result, Plaintiff has failed to exhaust the administrative remedies available to him as required under the PLRA. Accordingly, Plaintiff's Complaint must

---

[1] Plaintiff's Opposition to Defendants' Motion to Dismiss was not timely filed, as this Court's Order of June 13, 2006 required Plaintiff to file an opposition to Defendants' Motion by July 13, 2006. Plaintiff's Opposition was not filed with this Court until July 17, 2006. For this reason alone, Defendants' Motion to Dismiss should be granted pursuant to Local Rule 7(b).

[2] The only evidence the Court has on this issue is from Joyce Allen, the Grievance Coordinator for CTF, who confirmed that Plaintiff never filed a grievance regarding the allegations made in his Complaint.

be dismissed.

### C. Plaintiff Failed to Exhaust Administrative Remedies.

As the Court is aware, the PLRA requires inmates to exhaust administrative remedies before bringing a lawsuit. An inmate is required to exhaust all administrative remedies before filing civil litigation. An inmate prisoner must exhaust all of his administrative remedies, not just some.[3]

In this case, Plaintiff acknowledged that a grievance policy existed, yet Plaintiff fails to provide the Court with any evidence that he actually filed a grievance with the facility. In fact, Plaintiff concedes in his Opposition that he never filed any such grievance, as he states that he was advised "by Ms. Allen the Grievance Coordinator that it was not a grievance issue." Plaintiff's Opposition ("Opp.") at p. 6. Plaintiff, however, sets forth no evidence in support of his bald allegation that he was somehow exempt from the grievance procedure requirements, and Ms. Allen confirms that she has never exchanged such any dialog with Plaintiff regarding any grievance issues. *See* Second Affidavit of Joyce Allen ("Allen Aff."), ¶ 10, attached hereto as Exhibit 1. Moreover, Plaintiff's allegation that he was told that this was not a grievance issue is refuted by the actions of the other inmates who did file grievances related to the temperatures in the Medical-96 housing unit in during the time period described in the Complaint. *See* Allen Aff., ¶¶ 5-9, 11-14.

Plaintiff's reference the "class action" lawsuit *Jamal Aki v. City of Washington,* Civil Action No. 05-CU-01625*,* does not change this analysis.[4] Plaintiff cites *Aki*, apparently for the

---

[3] Plaintiff's contention that he is not required to exhaust administrative remedies because his complaint seeks monetary relief is without merit. *See Booth v. Churner*, 532 U.S. 731 (2001) (holding that even inmates seeking only monetary relief must complete a prison administrative process that could provide some sort of relief, even if not monetary, before filing a § 1983 claim).

[4] Plaintiff Jamaal Aki filed a number of lawsuits in this Court based upon the allegation that he was subjected to cruel and unusual punishment when the air conditioning stopped working for a period of time while he

proposition that the administrative remedy process was initiated by Plaintiff Aki on his behalf. Opp. at p. 4. Primarily, to the extent that Plaintiff attempts to suggest that he fulfilled his obligations with respect to filing a grievance based upon the actions of another inmate, such action is not valid, as CCA policies expressly prohibit inmates from filing a grievance on behalf of another. See Allen Aff., ¶ 4. Further, a thorough investigation of Plaintiff Aki's grievance file confirms that he failed to file a proper grievance on his own behalf, let alone on behalf of the Plaintiff in this matter. See Allen Aff., ¶¶ 16-17. Even if the actions alleged by Plaintiff relating to the filing of a grievance are taken as true, such actions are not recognized by the Inmate Grievance Policy as constituting the proper filing of a grievance, and do not constitute exhausting the administrative process. See Allen Aff., ¶ 19.

Accordingly, Plaintiff has failed to exhaust the administrative remedies available to him. This violation of the PLRA requires dismissal of Plaintiff's Complaint. As a result, Defendants Anthony Williams and the District of Columbia respectfully request that their Motion to Dismiss be granted.

### D. **Plaintiff's Complaint Contains a "Pleading Defect" and Must Be Dismissed.**

The failure to exhaust administrative remedies raises a "jurisdictional challenge" under the PLRA. As outlined in Defendants' Motion, the District of Columbia treats a Plaintiff's failure to allege exhaustion as a pleading defect. Further, this Circuit's treatment of the exhaustion issue comports with the PLRA's unequivocal language, which states that "[n]o action

---

was detained at CCA's Correctional Treatment Facility. All such lawsuits have been dismissed. Plaintiff references Civil Action No. 05-CU-01625 in his Opposition, which named only Aki as Plaintiff, and which was dismissed by this Court on September 13, 2005 as duplicative. For purposes of this Reply, Defendants presume that Plaintiff is referencing Civil Action No. 1:05-cv-01820, in which Plaintiff Singleton was also named as a plaintiff. In that case, this Court ruled that since only Plaintiff Aki filed an *in forma pauperis* application and none of the other named plaintiffs had done so, the case would proceed with Aki as the sole Plaintiff. Notably, Plaintiff Aki's lawsuit was ultimately dismissed due to his failure to file an opposition to Defendants' Motion to Dismiss on the grounds that he failed to exhaust his administrative remedies.

shall be brought...until such administrative remedies as are available are exhausted."[5]

Because (1) the Plaintiff has failed to provide the Court with any evidence that he complied with the PLRA exhaustion requirements; and (2) the Plaintiff has admitted to not complying with the grievance procedures, there is a pleading defect that mandates dismissal of Plaintiff's Complaint.  Accordingly, Defendants Anthony Williams and the District of Columbia respectfully request that their Motion to Dismiss be granted.

## II.    CONCLUSION

Based on the foregoing, Defendants Anthony Williams and the District of Columbia respectfully request their Motion to Dismiss be granted.

Dated: July 27, 2006                    By:   /s/ Megan S. Ben'Ary
                                              Daniel P. Struck (Bar No. C0037)
                                              Jennifer L. Holsman (Bar No. 495296)
                                              JONES, SKELTON & HOCHULI, P.L.C.
                                              2901 North Central Avenue, Suite 800
                                              Phoenix, Arizona  85012
                                              Telephone:   (602) 263-1700
                                              Facsimile:   (602) 263-1784

                                              Kelvin L. Newsome (Bar No. 439206)
                                              Megan S. Ben'Ary (Bar No.439415)
                                              LeClair Ryan, A Professional Corporation
                                              225 Reinekers Lane, Suite 700
                                              Alexandria, Virginia 22314
                                              Telephone: (703) 647-5933
                                              Facsimile: (703) 647-5983

                                              *Counsel for Defendants Anthony Williams and District of Columbia*

---

[5] 42 U.S.C. § 1997(e).

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 27th day of July, 2006, a true and accurate copy of the foregoing was mailed, first-class postage prepaid, to:

        Shawn Singleton
        Inmate No. 44506-054
        FMC – Devens
        P.O. Box 879
        Ayer, MA 01432
        *Plaintiff Pro Se*

                                      /s/ Megan S. Ben'Ary
                                      Megan S. Ben'Ary