UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHAWN SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-741 (GK) |
| | ) | |
| CITY OF WASHINGTON, DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to 42 U.S.C. § 1983. He alleges that he was subject to cruel and unusual punishment while incarcerated at the Correctional Treatment Facility in Washington, D.C. ("D.C. Jail"). The complaint names as defendants the District of Columbia, Anthony Williams, the Mayor of the District of Columbia, and individuals employed at the D.C. Jail. Defendants have filed motions to dismiss. Because Plaintiff has not exhausted his administrative remedies, the motions will be granted.

**Background**

Plaintiff alleges that on or about May 30, 2005, while he was confined at the D.C. Jail, the facility's air-conditioning ventilation system malfunctioned. Compl. ¶ 10. The inmates were not allowed to open their cell windows or to block the windows with newspapers or other material in an effort to obtain relief from the extreme heat. *Id.* ¶¶ 12-13. On or about June 13,

1

2005, however, jail officials issued a memo permitting inmates to wear t-shirts while in the common areas of the housing unit. *Id.* ¶ 14. Plaintiff was also allowed to leave his cell door open to provide relief from the heat. *Id.* ¶ 15.

On July 23, 2005, the D.C. Jail lost electrical power. *Id.* ¶ 16. Plaintiff alleges that there were no lights, cold water, or air-conditioning in the facility. *Id.* Plaintiff claims that jail officials ordered the inmates to their cells and the doors to be locked. *Id.* ¶ 17. As a result, inmates suffered dehydration from the heat and were attended to by medical personnel. *Id.* ¶ 18. Jail officials then ordered the cell doors opened. *Id.* ¶ 20.

Plaintiff alleges that power was restored at the facility the next day, but the air-conditioning system remained inoperative until the end of August, 2005. *Id.* ¶ 22. Plaintiff contends that the conditions at the D.C. Jail between May and August 2005 amounted to cruel and unusual punishment in violation of the Eight Amendment. *Id.* ¶¶ 22-23.

**Discussion**

Defendants contend the case should be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In relevant part, the PLRA provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The exhaustion requirement of Section 1997e(a) is mandatory and "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). Section 1997e(a) "afford[s] corrections officials time and

opportunity to address complaints internally before allowing the initiation of a federal case," and, where possible, to "satisfy the inmate, thereby obviating the need for litigation." *Id.* at 524-25. The statute requires "proper exhaustion," i.e., "using all the steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006). Thus, a prisoner may file a civil action concerning conditions of confinement under federal law only after he has exhausted administrative remedies. *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C.Cir. 2001).

The PLRA's exhaustion requirement is not a jurisdictional bar, but simply governs the timing of the action. *Ali v. Dist. of Columbia*, 278 F.3d 1, 5-6 (D.C.Cir. 2002). However, there is a split in the federal courts of appeals over whether exhaustion is an affirmative defense which must be pled and proven by the defendant or a prerequisite to suit that must be established by the plaintiff.[1] Our court of appeals has not decided the issue, but three judges of the district court have concluded that exhaustion under the PLRA is an affirmative defense. *See Warren v. Dist. of Columbia*, No. 01-0349, 2006 WL 2568014, at *1 (D.D.C. Sept. 5, 2006); *Hunter v. Corrs. Corp. of America*, 441 F. Supp. 2d 78, 83 (D.D.C. 2006); *Ferguson v. Dep't of Corrs.,* No. 04-1654, 2005 WL 3201358, at *2 (D.D.C. Oct. 31, 2005). For the purpose of ruling on the pending motions, the Court will presume that exhaustion is an affirmative defense and require Defendants to demonstrate Plaintiff's failure to exhaust.

The D.C. Jail's inmate grievance procedure has four steps. An inmate must first file a grievance form with the Grievance Officer. Aff. of Joyce Allen ¶ 7a.[2] If the inmate is not

---

[1] On March 6, 2006, the Supreme Court granted a writ of certiorari on the issue. *See Jones v. Bock*, 135 Fed. Appx. 837 (6th Cir. 2005), *cert. granted*, 126 S.Ct. 1462 (2006).

[2] In evaluating whether a plaintiff has exhausted administrative remedies, the Court may consider matters outside the pleadings. *See Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21

satisfied with the Grievance Officer's response, he may appeal to the Warden. *Id.* ¶ 7b. Step Three of the grievance procedures require an appeal to the D.C. Department of Corrections' Contract Monitor. *Id.* ¶ 7c. The inmate may then appeal to the Director of the D.C. Department of Corrections. *Id.* ¶ 7d.

The D.C. Jail's grievance log for the year 2005, the time period alleged in the complaint, has no record that Plaintiff filed a grievance. *Id.* ¶ 8. In fact, Plaintiff concedes that he did not exhaust the grievance procedure. Pl.'s Resp in Opp. to Defts.' Mot. to Dismiss at 5-6. He claims that he is not required to exhaust because he is seeking monetary relief. In addition, Plaintiff alleges that the D.C. Jail's Grievance Coordinator informed him that the heating problem was not a "grievance issue." *Id.* at 6.[3] Under these circumstances, Plaintiff argues, pursuing his administrative remedies would be futile. *Id.*

Plaintiff's claims are without merit. A prisoner must complete the administrative process "even where the relief sought – monetary damages – cannot be granted by the administrative scheme." *Woodford*, 126 S.Ct. at 2382-83. Moreover, a plaintiff's belief that pursuing his administrative remedies would be futile does not excuse him from the PLRA's exhaustion requirement. A claim that pursuing a remedy will be futile is not a valid reason for not completing the administrative process. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Jones Bey v. Johnson*, 407 F.3d 801, 805 (6th Cir. 2005); *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000); *Bitton v. Gonzales*, 2006 WL 335766, at *1 (D.D.C. Feb. 13, 2006);

---

(D.D.C. 2003).

[3] The Grievance Coordinator denies that such a conversation took place. Sec. Aff. of Joyce Allen ¶ 10.

*Jeanes v. United States Dep't of Justice*, 231 F.Supp. 2d 48, 50 (D.D.C. 2002); *see also Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001)(Court will not "read futility or other exceptions into [PLRA's] exhaustion requirements where Congress has provided otherwise").

The Court concludes that Plaintiff has not completed the established inmate grievance procedure prior to bringing this action. Accordingly, the case must be dismissed. *See Eldridge v. Dist. of Columbia*, No. 02-7059, 2002 WL 31898173, at *1 (D.C.Cir. Dec. 23, 2002)(per curiam)(upholding dismissal without prejudice for plaintiff's failure to allege or show he had exhausted District of Columbia's Inmate Grievance Procedure); *Johnson v. Dist. of Columbia Dep't of Corrs., Transp. Unit*, No. 01-7204, 2002 WL 1349532, at *1 (D.C.Cir. June 20, 2002)(per curiam)(upholding dismissal without prejudice for failure to exhaust administrative remedies because the appellant had not filed an inmate grievance).

## Conclusion

Based on the foregoing, Defendants' motions to dismiss will be granted. An order consistent with this Memorandum Opinion will be issued separately.

                                            /s/
                                            GLADYS KESSLER
                                            United States District Judge

DATE: December 11, 2006